UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDKINS,

        Plaintiff,                                      No. 15-10615

v.                                           District Judge Matthew F. Leitman
                                               Magistrate Judge R. Steven Whalen

UNITED STATES OF AMERICA,

        Defendant.

_____/

**ORDER**

On February 18, 2015, Plaintiff Charles Edkins filed a *pro se* civil complaint under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Before the Court is his Motion to Appoint Counsel, Waive Fees, Court Costs, Deposition Fees and all related USMS Service Fees Pursuant to 18 U.S.C. 3006A [Doc. #3]. For the reasons discussed below, the motion is DENIED. However, the Court will also construe the motion as a request for service by the United States Marshal, and order Marshal's service.

(1) The Criminal Justice Act, 18 U.S.C. § 3006A, provides for appointed counsel and payment of certain costs in criminal cases. The statute is inapplicable to civil cases such as the present case.

(2) Unlike criminal cases, there is no constitutional or statutory right to the appointment of counsel in civil cases. Rather, the Court requests members of the bar to assist in appropriate cases. In *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993), the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." (Internal quotations and citations omitted).

It is the practice of this Court to defer any attempt to obtain counsel for *pro se* civil Plaintiffs until after motions to dismiss or motions for summary judgment have been denied. At this stage of the proceedings, Plaintiff's request for counsel is premature.

(3) Plaintiff has already been granted leave to proceed *in forma pauperis* ("IFP"), and thus *prepayment* of his filing fee has been waived. *See* Doc. #4. However, there is no basis to grant Plaintiff's request for payment of discovery or other litigation costs. In *Coates v. Kafczynski,* 2006 WL 416244, *2–3 (W.D.Mich., 2006), the Court explained:

> *Pro se* litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. However, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Badman v. Stark,* 139 F.R.D. 601, 605 (M.D.Pa.1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States,* 112 F.R.D. 183, 184–85 (S.D.N.Y.1986) ( *in forma pauperis* statute does not require government to advance funds for deposition expenses); *Toliver v. Cmty. Action Comm'n to Help the Econ.,* 613 F.Supp. 1070, 1072 (S.D.N.Y.1985) (no clear statutory authority for the repayment of discovery costs for *pro se in forma pauperis* plaintiff); *Ronson v. Comm'r of Corr. for State of N.Y.,* 106 F.R.D. 253, 254 (S.D.N.Y.1985) (indigent prisoner's motion to depose physician at corrections facility denied); *Sturdevant v. Deer,* 69 F.R.D. 17, 19 (E.D.Wis.1975) (28 U.S.C. § 1915 'does not extend to the cost of taking and transcribing a deposition.'); *Ebenhart v. Power,* 309 F.Supp. 660, 661 (S.D.N.Y.1969) ('Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.')."

(4) Because Plaintiff has been granted leave to proceed IFP, he is entitled to service by the United States Marshal. *See* Fed.R.Civ.P. 4(c)(3). However, he is not relieved of the responsibility to reimburse the Marshal for service costs.

Accordingly, Plaintiff's motion to waive costs [Doc. #3] is DENIED.

However, the United States Marshal shall serve a summons and complaint on Defendant United States of America, by the method prescribed in Fed.R.Civ.P. 4(i).

IT IS SO ORDERED.

        s/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Date: March 23, 2015

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 23, 2015, electronically and/or by U.S. mail.

        s/Carolyn M. Ciesla
        Case Manager