UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDKINS,

    Plaintiff,

v.

UNITED STATES OF AMERICA *et al.*,

    Defendants.

_____/

Case No. 15-cv-10615
Hon. Matthew F. Leitman

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION (ECF #33) AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #22)

On February 18, 2015, Plaintiff Charles Edkins ("Edkins") filed an action under the Federal Tort Claims Act (28 U.S.C. § 1346(b)) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 503 U.S. 388 (1971) against Defendants United States of America and Scott Kevin Dubois, D.D.S. ("Dr. Dubois"). (*See* Compl., ECF #1.) Edkins alleges that Dr. Dubois violated his Eighth Amendment rights by failing to provide him with adequate dental care while he was in the custody of the Federal Bureau of Prisons (the "BOP"). (*See id.* at 2, Pg. ID 2.) Dr. Dubois moved for summary judgment on Edkins' *Bivens* claim (the "Motion"). (*See* ECF #22 at 7, Pg. ID 68.) On April 10, 2016, the assigned Magistrate Judge issued a Report and Recommendation in which he recommended that the Court grant summary judgment in favor of Dr. Dubois (the "R&R"). (*See*

1

ECF #30.)  Edkins has now filed timely objections to the R&R (the "Objections"). (*See* ECF #33.)  For the reasons provided below, the Objections are **OVERRULED**, and the Motion is **GRANTED**.

## RELEVANT FACTUAL BACKGROUND

Edkins is a former inmate of the BOP.  (*See* Compl., ECF #1 at 4, Pg. ID 4.) Edkins claims that when he began serving his sentence in 2009 at the Federal Correctional Institution in Elkton, Ohio ("Elkton"), he suffered from "chronic periodontal disease." (Compl., ECF #1 at 4, Pg. ID 4.)  Edkins' medical records from Elkton show that R. Hingham, D.D.S. removed one of Edkins' teeth in November 2010 because it was "hopelessly periodontally involved."  (ECF #22-2 at 7, Pg. ID 195.)  A few months later, in March 2011, Ekdins was released from Elkton on supervised release.  (*See* ECF #22-2 at 2, Pg. ID 88.)

While Edkins was on release, he sought dental treatment from M. VanderLaan, D.D.S. ("Dr. VanderLaan"), a private dentist with the Cherry Street Dental Clinic.  (*See* ECF #22-3 at 3, Pg. ID 122.)  Dr. VanderLaan noted that Edkins "may benefit from seeing a periodontist for periodontal [disease]" and recommended that Edkins see a dentist every three months.  (*Id.* at 6, Pg. ID 125.)

In January 2012, Edkins violated the terms of his supervised release and was returned to the BOP's custody.  (*See* ECF #22-2 at 2, Pg. ID 88.)  Edkins served

the remainder of his sentence at the Federal Correctional Institution in Milan, Michigan ("Milan") from January 25, 2012 through April 23, 2013. (*See id.*)

While Edkins was incarcerated at Milan, he encountered Dr. Dubois. On January 31, 2012, Dr. Dubois performed a full dental screening pursuant to BOP policy. (*See* ECF #23-1 at 4, Pg. ID 207; ECF #22-6 at 2, Pg. ID 140.) Although Dr. Dubois noted that Edkins' "oral hygiene was found to be poor," he concluded that Edkins' risk for periodontal disease was "low." (ECF #22-6 at 2-3, Pg. ID 140-41; *see also* ECF #22-5 at 1, Pg. ID 131.) Dr. Dubois attested that he followed the BOP's Clinical Practice Guidelines with respect to Edkins' dental care following the exam. (*See* ECF #22-6 at 3, Pg. ID 141.) Under those guidelines, "the protocol for patients with low periodontal risk is an annual exam by a general dentist and prophylaxis as needed." (*Id.*; *see also id.* at 17, Pg. ID 155.)

Edkins' dental records show that he received treatment in accordance with these guidelines. For example, he received oral hygiene instruction in May and June of 2012. (*See* ECF #22-5 at 3-6, Pg. ID 133-36.) And on July 16, 2012, Edkins was given complete prophylaxis, which included "scaling and root planing of all four quadrants." (ECF #22-6 at 3, Pg. ID 142; ECF #22-5 at 7, Pg. ID 137.) Moreover, Edkins was informed that if he suffered from "any [] urgent dental concerns," he would be permitted to "sign up for dental sick call." (ECF #22-2 at 33, Pg. ID 119.) However, there is no evidence in the record that Edkins

3

complained to the BOP staff that he suffered from dental pain or experienced a dental emergency while he was housed at Milan. (*See* ECF #22-6 at 3, Pg. ID 141.)

On April 23, 2013, Edkins was released to a half-way house, and he completed his sentence on August 16, 2013. (*See id.*; ECF #22-2 at 2, Pg. ID 88.)

## THE CLAIM AGAINST DR. DUBOIS

Edkins filed his Complaint on February 18, 2015. (*See* ECF #1.) Edkins claims that his "lack of periodontal treatment [while incarcerated] is a violation of the 8th Amendment protecting inmates from cruel and unusual punishment." (*Id.*)

With respect to Dr. Dubois, Edkins alleges that "Chief Dental Officer Dubois, DDS and BOP medical staff knew of [his] existing periodontal disease disclosed by the BOP medical file transferred by Elkton FCI to Milan, FCI." (*Id.* at 3, Pg. ID 3.) Edkins has further alleged that "[t]he conditions of endless pain and permanent damage were conditions that clearly posed a substantial risk of serious harm and staff including Dr. Dubois exhibited a sufficient state of mind creating deliberate indifference to my documented periodontal disease." (*Id.*)

## DR. DUBOIS' MOTION FOR SUMMARY JUDGMENT

On September 4, 2015, Dr. Dubois moved for summary judgment. (*See* ECF #22.) In the Motion, Dr. Dubois argued that in order for Edkins to show an Eighth Amendment violation, he must satisfy both an objective and a subjective

4

component. With respect to the objective component, Dr. Dubois argued that Edkins failed to show that his dental condition was "sufficiently serious" to demonstrate a constitutional violation. Dr. Dubois asserted that Edkins was "complaining about the frequency of routine dental care at Milan, which is not actionable" under the Eighth Amendment. (*Id.* at 16, Pg. ID 77.)

With respect to the subjective component, Dr. Dubois argued that Edkins failed to "provide any evidence that Dr. Dubois subjectively perceived facts from which to infer substantial risk, that he did in fact draw the inference of substantial risk, or that he disregarded the risk." (*Id.* at 18-19, Pg. ID 79-80.) To support his argument, Dr. Dubois submitted a sworn affidavit with the Motion describing the treatment that he provided to Edkins while he (Edkins) was incarcerated at Milan. (*See* ECF #22-6 at 1-5, Pg. ID 139-43.) In his affidavit, Dr. Dubois attested that he conducted a periodontal risk evaluation of Edkins and determined that Edkins had a "low periodontal risk." (*Id.* at 3, Pg. ID 141.) Dr. Dubois added that he "did not see any other signs of periodontal risk, including (1) 4-6 millimeter depth of periodontal pockets; (2) significant tooth mobility; (3) significant swelling or exudate; or (4) molar furcation involvement." (*Id.*) Dr. Dubois further averred that there was "no record of any complaint of dental pain or dental emergency for which [Edkins] requested treatment," and that "[h]ad [Edkins] informed me of his diabetes or history of periodontal disease at the screening exam, it would have

5

been my practice to note these in the record. There are no such notes. No additional treatment would be recommended, even were those risk factors present . . . ." (*Id.*) Finally, Dr. Dubois stated that he "had no knowledge of [Edkins] experiencing dental pain during his incarceration at Milan." (*Id.*)

## EDKINS' RESPONSE TO THE MOTION

On December 11, 2015, Edkins filed his response to the Motion. (*See* ECF #29.) Edkins did not submit any affidavits with his response, nor did he submit any deposition transcripts. The entirety of Edkins' argument on the subjective component of his Eighth Amendment claim against Dr. Dubois was as follows (verbatim):[1]

> This requires a showing that prison official(s) knew of and acted with deliberate indifference towards an Inmate's known medical condition and his health and safety **(Wilson v Seither IBID and Talal v White 403 F. 3d at 426 (CA-6))**. This was clearly satisfied since Chief Dental Officer Dubois and the entire Dental BOP staff knew of my existing Periodontal disease condition upon arriving at Milan FCI in January/2012. Not only was this condition noted in my file at Elkton FCI when I left there in early 2011 **(Plaintiff' Exhibit F ,P. 2-3)** and Plaintiff mailed on 11/12/22 ( 2 months before entering Milan FCI) a very detailed letter with Dr. Vanderlaan's Dental Perio notes (noting the necessity for 3 month dental cleaning checkups), x rays and most importantly the Perio charting clearly demonstrating the extent of the Periodontal damage **(Plaintiff's Exhibit G/P.1-7 and Exhibit E pages 8 and 9)** (acknowledged as received by

---

[1] The quoted text includes Edkins' original spelling, punctuation, capitalization, grammar, and bold emphasis.

> the Government in it's brief **(Doc # 22-3 Pages 3 thru 8).**In **(Brown V Bargey 207 F. 3d., 863 9CA-6 2003))** the conditions of endless pain and permanent damage were conditions that clearly posed a substantial risk of serious harm and staff including Dr. Dubois exhibited a sufficient state of mind creating intentional indifference to Plaintiff's well documented periodontal disease. This condition continues today since Medicaid or Medicare does not cover these very expensive treatments. (**Flanory v Bonn 604 F. 3d. 246 (CA-6/2010)).**

(*Id.* at 8-9, Pg. ID 236-37.)

## **THE R&R**

On April 10, 2016, the assigned Magistrate Judge issued the R&R in which he recommended that the Court grant summary judgment in favor of Dr. Dubois. (*See* ECF #30 at 12, Pg. ID 296.)

The Magistrate Judge agreed with Dr. Dubois that Edkins had failed to present evidence on the subjective component of his claim – i.e., that Edkins failed to present evidence that Dr. Dubois was aware of a substantial risk of serious harm to Edkins' health and that Dr. Dubois consciously disregarded that risk. (*See id.* at 7, Pg. ID 291.) The Magistrate Judge further concluded that Edkins' claim essentially amounted to a disagreement with the course of treatment that he received while he was incarcerated at Milan, and the Magistrate Judge noted that such a disagreement falls short of an Eighth Amendment violation. (*See id.* at 9, Pg. ID 293.)

7

## **THE OBJECTIONS**

Edkins filed his Objections on May 20, 2016.  (*See* ECF #33.)  Edkins has made six individual objections.  They are set forth verbatim below.

## **GOVERNING LEGAL STANDARD**

This Court reviews *de novo* the portions of the R&Rs to which a party has objected.  *See* Fed. R. Civ. P. 72(b)(3).

A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact . . . ."  *SEC v. Sierra Brokerage Servs., Inc.,* 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)) (quotations omitted).  When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor."  *Id.*  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]."  *Anderson,* 477 U.S. at 252.  Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury."  *Id.* at 251-52.  Indeed, "[c]redibility determinations, the weighing of the evidence, and the drafting of legitimate inferences from the facts are jury functions, not those of a judge . . . ."  *Id.* at 255.

## ANALYSIS

### A. The Eighth Amendment Framework

As described above, there are two components to an Eighth Amendment deliberate indifference claim, one objective and the other subjective. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2011). To satisfy the objective component, a plaintiff must show that "the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.3d at 702 (quoting *Farmer*, 511 U.S. at 834). To satisfy the subjective component, a plaintiff must show that "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that [s]he did in fact draw the inference, and that [s]he then disregarded that risk." *Id.*

In the R&R, the Magistrate Judge did not explicitly determine whether Edkins suffered from a dental condition that constituted a "sufficiently serious" medical need. (*See* R&R, ECF #30 at 6, Pg. ID 290.) Instead, the Magistrate Judge "assume[d] that [Edkins'] dental condition was sufficiently serious to satisfy the objective prong of the deliberate indifference test," and the Magistrate Judge concluded that "it is on the subjective prong that [Edkins'] claim falters." (*Id.*) Accordingly, the Court will address whether Edkins' Objections establish that the Magistrate Judge erred with respect to the subjective component of the deliberate indifference framework.

9

B.     **The Objections**[2]

    1.     **Edkins' First Objection**

Edkins' first objection to the R&R provides as follows:

> "Deliberate Indifference may be established by showing an interruption of a prescribed plan of treatment or delay in Medical treatment".**Caldwell v. Moore, 968 F.2d 595,602 (6th Circuit 1992).** This is precisely what Defendant Dubois did upon my arrival at Milan FCI in January/2012. My dentist Dr. Vanderlaan prescribed and is on the record that I receive dental maintenance every 3 months due to the extent of the Periodontal damage caused by my extended stay at Elkton FCI. This is noted by Dr. Higham in Novebmer/2010 when he had to extract a tooth and turning to page 3 of 3 of Plaintiff's exhibit F Dr. Higham notes; *'Indication of hard tissues of teeth,other"*.Dr. Vanderlaan's findings/x rays/notes were sent by Plaintiff to the BOP in November/2011 just 2 months prior to entering Milan FCI and were acknowledged by the BOP as having received them ( plaintiff's Exhibit G).Upon arriving at Milan FCI within 2 weeks I was given a superfluous exam by Dr. Dubois;I told him to check the BOP medical file for the file sent and explained the prescribed treatment by my dentist Dr. Vanderlaan. All to no avail.I repeatedly sent "cop outs" to the office; going to dental sick call and told to take some aspirin, as it was available at the prisoner's store. In **Flanory v. Bonn 604 F.3d. 246 (CA-6/2010**) Plaintiff had suffered the same fate from Periodontal disease and had a tooth extracted as well.

(Objections, ECF #33 at 2, Pg. ID 305.)

---

[2] The quoted objections include Edkins' original spelling, punctuation, capitalization, grammar, and bold emphasis.

10

In his Objections, Edkins attempts to present a new factual allegation that he did not present to the Magistrate Judge: namely, that he told Dr. Dubois about the treatment plan prescribed by Dr. Vanderlaan. This is an important factual allegation because, as Edkins appears to acknowledge, in order to prevail on his interruption-of-prescribed-course-of-treatment theory, he must present evidence that Dr. Dubois actually knew of the course of treatment in question. But Edkins may not introduce this factual allegation for the first time in his Objections. Indeed, "[i]t is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge." *Childress v. Michalke*, 2014 WL 3819347, at *3 (E.D. Mich. Aug. 4, 2014) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

There is an even more fundamental problem with this objection. The key factual allegations underlying the objection – that Edkins told Dr. Dubois about the prior prescribed treatment and complained about dental pain – are not supported by actual *evidence* in the record. As noted above, Edkins has not submitted any affidavits or deposition testimony supporting his newly-presented allegations. Because this objection is not supported by any evidence in the record, it lacks merit and is overruled.

11

### 2. Edkins' Second Objection

Edkins' second objection to the R&R challenges statements Dr. Dubois made in his sworn affidavit:

> On page 7 of the R and R Dr. Dubois was stated as saying that if "He had been informed of Plaintiff's diabetes he would have noted it". At the initial dental screening I informed him of my Diabetes as Dr. Malatinsky,MD Medical Director had me on metformin for the diabetes disease. Dr. Dubois intentionally never noted Plaintiff's diabetes on his records.

(Objections, ECF #33 at 3, Pg. ID 306.)

Edkins, however, did not challenge these statements in his response to Dr. Dubois' Motion, and he may not do so in the first time in his Objections. Moreover, Edkins has not submitted his own affidavit contradicting Dr. Dubois' statements. Thus, there is thus no *evidence* in the record contradicting Dr. Dubois' statement. Edkins' second objection is overruled.

### 3. Edkins' Third Objection

Edkins' third objection to the R&R challenges the Magistrate Judge's assessment of the May and June 2012 dental hygiene lectures he attended at Milan:

> On page 8 of the R and R that Plaintiff was "seen" by RDH Langenderfer and 2 U of M Dental students on May 7 and June 14,2012. This is another example of a very misleading statement since the 2 students from U of M were studying to be Hygienists at the undergraduate level. They were NOT dental school students at the graduate level. Between 12 and 15 diabetics including the Plaintiff were called to these two conference room talks

> on the dates above. The only subject at these lectures was "diabetes and your dental health".RDH Langenderfer just sat there at the head of the conference table and the 2 students did all of the lecturing.**NO EXAMINATIONS WERE PERFORMED ON ANY OF THE DIABETIC PRISONERS WHO WERE THERE AT THESE 2 MEETINGS.** The diabetic related lectures each lasted about 30 minutes which leads to this question;Dr. Dubois the chief dental officer stated above that he had no knowledge of plaintiff's diabetes;Yet Plaintiff was selected with the other 12 to 15 diabetic inmates out of 1,400 prisoners to participate?

(*Id.*)

This objection is nonresponsive to the Magistrate Judge's determination that Edkins failed to satisfy the subjective component of his Eighth Amendment deliberate indifference claim.  The objection does not address Dr. Dubois' state of mind with respect to Edkins' alleged periodontal disease.  The objection, at most, implies that Dr. Dubois knew that Edkins suffered from diabetes.  But Edkins has not pointed to any *evidence* that contradicts Dr. Dubois' sworn statement that "[h]ad plaintiff informed me of his diabetes . . . at the screening exam, it would have been my practice to note these in the record.  There are no such notes."  (ECF #22-6 at 3, Pg. ID 141.)  This objection is overruled.

### 4. Edkins' Fourth Objection

Edkins' fourth objection to the R&R also challenges the Magistrate Judge's assessment of the May and June 2012 dental hygiene lectures he attended at Milan:

13

> On page 10 of the R and R it is again misstated that Plaintiff was evaluated by the same RDH Langenderfer in May and June of 2012.Only the 2 U of M students did the 30 minute lectures on diabetes and dental care.**No exams were given or any of the 12 to 15 attendees clinically evaluated.**

(Objections, ECF #33 at 3, Pg. ID 306.)

This objection also is nonresponsive to the Magistrate Judge's determination that Edkins failed to satisfy the subjective component of his Eighth Amendment deliberate indifference claim.  The objection makes no argument that Dr. Dubois knew that Edkins suffered from (allegedly) severe periodontal disease and failed to offer Edkins treatment with that knowledge.  In fact, the objection does not mention Dr. Dubois or his state of mind at all.  This objection is overruled.

### 5.    **Edkins' Fifth Objection**

Edkins' fifth objection to the R&R suggests that he suffers from advancing periodontal disease that has negatively impacted his health:

> On page 11 of the R and R it is quoted as "it is of no import that while incarcerated prior to May/2011 that Plaintiff's dental care was substandard". Any Dental professional will be able to detail all of the progressive characteristics of not properly treating advancing periodontal disease. Left untreated this disease has and will negatively impact the Inmate's health and diabetes.

(*Id.* at 4, Pg. ID 307.)

This objection, once again, fails to address the subjective component of Edkins' deliberate indifference claim on which the Magistrate Judge based the

R&R. This objection, thus, does not undermine the basis on which the Magistrate Judge recommended granting Dr. Dubois' motion for summary judgment. The objection also implies that Edkins' (alleged) periodontal disease was "[l]eft untreated." But Edkins' dental records from Milan – showing that he received a scaling and root planing procedure – belie this assertion. This objection is overruled.

### 6. Edkins' Sixth Objection

Edkins' sixth objection to the R&R provides as follows:

> On page 9 of the R and R Dr. Dubois states that in the January/2012 dental screening of the Plaintiff that" Plaintiff was a low periodontal risk as of that month". Under BOP protocol "treatment for low risk individuals requires an annual exam by a general dentist and prophylaxis as needed". Which leads to the next question as to why Dr. Dubois stated under oath that He ordered his only Hygienist on staff to a conduct an extensive and timely four quad scaling and root planning of Plaintiff's entire set of teeth/gums when according to BOP protocol is **not** required? Dr. Dubois states this was done in July 2012 by RDH Langenderfer all in one visit and with no anesthesia. Plaintiff has had scaling and root planning done several times and each requires anesthesia since the hygienist is actually lifting the gums and scraping the tartar from your GUMS all the way to the roots. This a Red Herring since Dr. Dubois cannot have it both ways.

(*Id.*)

As with Edkins' first and second objections to the R&R, he never raised this disagreement with Dr. Dubois' sworn affidavit at any earlier point in this action. And, again, Edkins never submitted an affidavit to contradict Dr. Dubois.

Additionally, Edkins' objection misrepresents Dr. Dubois' sworn statement. Edkins claims that Dr. Dubois "stated under oath that *He ordered* his only Hygienist" to conduct the scaling and root planing procedure. (*Id.*; emphasis added). Dr. Dubois, however, made no such attestation. Dr. Dubois stated only that Edkins "*was given* complete prophylaxis, including scaling and root planning [sic] of all quadrants." (ECF #22-6 at 3, Pg. ID 141; emphasis added.) The records show only that a dental hygienist performed the procedure. Those records do not indicate whether Dr. Dubois ordered the procedure or whether Dr. Dubois believed it was necessary. Nor do they indicate that Dr. Dubois was aware that Edkins suffered from severe periodontal disease. For all of these reasons, this objection is overruled.

## CONCLUSION

For the reasons provided above, **IT IS HEREBY ORDERED** that the Objections (ECF #33) are **OVERRULED**, and the Motion (ECF #22) is **GRANTED**.

Dated: July 27, 2016

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 27, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
